IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL A. MASON
    Plaintiff,

V.

7 ELEVEN, INC.
8461 Annapolis Rd
New Carrollton, MD 20784
    Defendant,

CASE NO.

PX 22CV1559

USDC- GREENBELT
'22 JUN 24 AM 11:44

JURY TRIAL DEMANDED

## COMPLAINT

**COMES NOW**, Plaintiff Pro Se, Michael A. Mason,(hereinafter "Plaintiff") and files this Complaint against Defendant 7 Eleven(hereinafter "Defendant") and alleges and states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for violations of the Civil Rights Act of 1866(Section 1981), and the Maryland state common law torts of "abuse of process", "false imprisonment", and the "Intentional Infliction of Emotional Distress".
2. This action seeks damages for Defendant's illegal discrimination and harassment against Plaintiff in violation of the aforementioned statutes.

### PARTIES

3. Plaintiff, Michael A. Mason, is an adult African American male citizen and resident of the State of Maryland and resides at 5452 85th Avenue,#203, New Carrollton, MD 20784.
4. Defendant, 7 Eleven, Inc., is a retail business with it's principal of business located at One Arts Plaza, 1722 Routh Street, #1000, Dallas, TX 75201. Defendant has a franchise located at 8461

1

Annapolis Rd, New Carrollton, MD 20784 within the State of Maryland.
5. Defendant at all times conducted business within the State of Maryland during the time frame the events herein occurred.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C.§1331, the Civil Rights Act of 1866(Section 1981), and 28 U.S.C.§1367.
7. The unlawful and illegal acts alleged in this Complaint took place in the State of Maryland. Venue is proper pursuant to 28 U.S.C.§1391(b).

## STATEMENT OF THE FACTS

8. Plaintiff has been a member of the P.G. County Chapter NAACP located at 9201 Basil Court,#115, Largo, MD 20774(Branch #7023-B) since 2014.
9. On or around October 1, 2018 Plaintiff moved to his current address of 5452 85th Avenue,#203, New Carrollton, MD 20784.
10. Between October 2018 and up until July 4, 2019 Plaintiff regularly shopped at the 7 Eleven store in New Carrollton, MD located at 8461 Annapolis Rd, New Carrollton, MD 20784.
11. Plaintiff was "racially profiled" on each visit, being followed around the store and being subjected to "heightened surveillance" by the employees.
12. Plaintiff not only complained verbally, he also gave the store manager named "Nimit" two complaints and charges of "consumer racial profiling" and harassment from the P.G. County Chapter NAACP.
13. In May 2019 Plaintiff was "attacked" by a black homeless looking male while he was walking at night in the 7700 block of Annapolis Rd in New Carrollton, MD.
14. Plaintiff then purchased a Berretta air-pistol from Bass Pro Sports in Hanover, MD for protection when walking at night.
15. Plaintiff would conceal the air-pistol inside of his backpack while walking at night.
16. Plaintiff kept the air-pistol "unloaded" to comply with local law.

2

17. While Plaintiff was walking on the night of Tuesday, July 2, 2019 Plaintiff stopped by the 7 Eleven at around 1am to use the ATM machine.
18. The ATM was broken at the time. Several people along with Plaintiff were in line to use the ATM.
19. Plaintiff asked the employee on duty when the ATM was going to be repaired?
20. The employee said "never", and told Plaintiff to stop asking him about it or he would call the police.
21. Plaintiff told the employee not to call the police, that he had an air-pistol in his backpack and he could get hurt by the police.
22. The employee then said "o.k., I'll call the manager about the ATM.".
23. Two minutes later Plaintiff heard police sirens and saw flashing red and blue lights outside the store.
24. The 7 Eleven employee started "laughing".
25. Plaintiff exited the store as the police arrived.
26. Plaintiff was "physically" apprehended by the police, put in hand cuffs, and put in the backseat of a police car.
27. Plaintiff was told the police received a call which alleged Plaintiff pointed a gun at an employee in the 7 Eleven.
28. The police asked Plaintiff " if he had a gun on him, and if so, where was it?".
29. Plaintiff told the police he had a Berretta air-pistol inside of his backpack.
30. The police then retrieved the "unloaded" air-pistol from Plaintiff's backpack.
31. Plaintiff denied ever pointing the air-pistol at an employee, and begged the police to review the store security camera as proof.
32. Plaintiff's Berretta air-pistol was taken into evidence by the police.
33. Plaintiff was then released.
34. Plaintiff's right arm was injured during his being apprehended and detained by the police.
35. Plaintiff sought medical attention at Doctor's Community Hospital located at 8118 Good Luck Rd, Lanham, MD 20706.
36. Plaintiff's right arm was placed in a cast due to a fracture.
37. On Thursday, July 4, 2019 Plaintiff returned to the 7 Eleven at around 8am to use the ATM and purchase some items.
38. Plaintiff told the employee on duty about the events the night before and asked to speak to the manager.

39. A few minutes later the police showed up once again.
40. The police threw Plaintiff against the store wall, causing damage to Plaintiff's left elbow, which began to bleed.
41. The police asked Plaintiff "why he had returned to the 7 Eleven with the air-pistol again and threatened the manager with it?".
42. Plaintiff, crying and in pain, told them that "they took the air-pistol into evidence yesterday, how could Plaintiff now have it?".
43. The manager "Nimit" came out of the store and over to the police car Plaintiff was in the backseat of, and in hand cuffs.
44. He told Plaintiff he was banned from shopping in the store going forward under threat of being accused of trespassing.
45. The police then told Plaintiff he would be arrested for trespassing if he returned to the store again.
46. Plaintiff was "physically" prevented from entering the 7 Eleven on numerous occasions by the police since July 4, 2019.
47. Plaintiff's rights were violated and continue to be violated under the law.
48. Due to Defendant's unlawful and illegal actions Plaintiff suffers periods of anxiety, sadness, fear, depression, nightmares, mental anguish, and emotional distress on a regular basis.

## COUNT I RACIAL DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866(SECTION 1981)

49. Plaintiff hereby incorporates by reference each of the foregoing allegations as if fully stated herein:
50. Plaintiff is a 53 year old African American male.
51. 42 U.S.C.§1981 states " All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and extractions of every kind, and to no other(b) For purposes of this section the term "make an enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

52. Defendant's actions in banning Plaintiff from the 7 Eleven were based in part on his race and prevent Plaintiff from enjoying the same benefits as those enjoyed by white citizens with regards to commerce and other parts of the contractual relationship.
53. Plaintiff has suffered and continues to suffer damages including, but not limited to pain and suffering, inconvenien, ce, mental anguish, loss of enjoyment of life, humiliation, emotional distress, and other harm both tangible and intangible.
54. Wherefore, Plaintiff seeks economic, compensatory and punitive damages, cost, and such other and further equitable relief this Court deems appropriate.

## COUNT II ABUSE OF PROCESS

55. Plaintiff hereby incorporates by reference each of the foregoing allegations as if fully stated herein:
56. Defendant, with willful malice and intent, called the police on Wednesday, July 3, 2019 and made a deliberately "false" accusation that Plaintiff pointed a gun at an employee while in the 7 Eleven.
57. On Thursday, July 4, 2019 Defended repeated it's actions once again, with willful and malicious intent.
58. The Defendant had "pre-existing" animus against the Plaintiff due to his confronting Defendant over what Plaintiff perceived as illegal and discriminatory " consumer racial profiling", and the two NAACP complaints Plaintiff gave to the store manager "Nimit".
59. Plaintiff suffered the financial loss of his Beretta air-pistol due to the actions of the Defendant.
60. Plaintiff has suffered and continues to suffer damages including, but not limited to pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, and other harm both tangible and intangible.
61. Wherefore, Plaintiff seeks economic, compensatory and punitive damages, cost, and such other and further relief this Court deems appropriate.

## COUNT III FALSE IMPRISONMENT

62. Plaintiff hereby incorporates by reference each of the foregoing allegations as if fully stated herein:

5

63. Defendant, acting with willful malice and intent, with the goal of causing harm to the Plaintiff, did engage in conduct on both July 3, 2019 and July 4, 2019 which resulted in Plaintiff being held against his will, in handcuffs, without justification.
64. On both days involved Plaintiff was placed in handcuffs and placed in the backseat of a police car based on Defendant's "deliberately false" statements that Plaintiff had pointed a gun at one of it's employees.
65. Plaintiff has suffered and continues to suffer damages including, but not limited to pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, and other harm both tangible and intangible.
66. Wherefore, Plaintiff seeks economic, compensatory and punitive damages, cost, and such other and further relief this Court deems appropriate.

## COUNT IV INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff hereby incorporates by reference each of the foregoing allegations as if fully stated herein:
68. Due to Defendant's unlawful and illegal actions Plaintiff suffered "physical', psychological, mental and emotional harm when being apprehended and detained by the police.
69. Defendant's actions were willful and encompassed malice and intent.
70. Plaintiff has suffered and continues to suffer damages including, but not limited to pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, and other harm both tangible and intangible.
71. Wherefore, Plaintiff seeks economic, compensatory and punitive damages, cost, and such other and further equitable relief this Court deems appropriate.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff for all matters raised in this Complaint, and grants an Order of judgment as follows:

a) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts including ratification, and approval of said acts in the amount of $100,000.00
b) General damages for mental and emotional suffering caused by Defendant's misconduct in the amount of $100,000.00
c) Trial by jury on all issues raised in this Complaint.
d) Any and all other relief this Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to F.R.C.P. 38 and the Seventh amendment of the U.S. Constitution Plaintiff requests a trial by jury on all issues raised in this Complaint.

x. *Michael A. Mason*
(Michael A. Mason)
5452 85th Avenue,#203
New Carrollton, MD 20784
Email: MMASONZX10R@AOL.COM
CELL PHONE(240)484-4357