IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL A. MASON, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-22-1559 |
| 7 ELEVEN, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

This case is assigned to me for all proceedings, by the consent of the parties, pursuant to 28 U.S.C. § 636(c). ECF No. 15. Pending before the Court is Defendant 7 Eleven, Inc.'s Motion for Summary Judgment ("Motion"). ECF No. 28. I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted.

**I.     Introduction**

Self-represented Plaintiff Michael Mason ("Mr. Mason") filed his Complaint against Defendant 7 Eleven, Inc. ("7-Eleven") on June 24, 2022. ECF No. 1. He alleges, among other things, that 7-Eleven discriminated against him in violation of 42 U.S.C. § 1981. After the completion of discovery, 7-Eleven filed its Motion for Summary Judgment. Mr. Mason did not respond to the Motion by the response deadline. 7-Eleven's Motion is therefore unopposed.[1]

---

[1] After the deadline for Mr. Mason to respond to the Motion had passed, he filed a document titled "First Amended Complaint." ECF No. 30-1. In this document, Mr. Mason states that he erroneously named 7-Eleven as a defendant, and that the proper defendant is Hemasafa, Inc. *Id.*

## II.  Discussion

### A.  Factual Background

The following facts are viewed in the light most favorable to Mr. Mason, the non-moving party. Between October 2018 and July 2019, Mr. Mason regularly shopped at the 7-Eleven store (the "store") located at 8461 Annapolis Road, New Carrollton, Maryland. Mr. Mason alleges that he was racially profiled when he visited the store and subjected to heightened surveillance. On July 2, 2019, after Mr. Mason informed an employee that he had an air gun, a store employee called the police. Mr. Mason was detained by the police and his right arm was injured. Two days later, Mr. Mason returned to the 7-Eleven, and a store employee again called the police. Mr. Mason was detained by the police and instructed that he was banned from entering the store again. Since then, Mr. Mason has been physically prevented from entering the store. He alleges that he has been injured by 7-Eleven's conduct. He asserts claims of unlawful discrimination, in violation of 42 U.S.C. § 1981, "abuse of process," false imprisonment, and intentional infliction of emotional distress.

At all relevant times, the store was a franchised location of 7-Eleven operated by HEMASAFA, Inc. ("HEMASAFA").[2] Under the terms of 7-Eleven's franchise agreement with HEMASAFA, 7-Eleven and HEMASAFA agreed that HEMASAFA was an independent contractor and would exercise complete control over the conduct of its agents and employees, including the day-to-day operations of the store. Consistent with the franchise agreement, all employees present at the store when the incidents in Mr. Mason's complaint occurred were

---

[2] 7-Eleven refers to the franchisee as "Hemisafa" and "Hemesafa." The Court will refer to the entity as HEMASAFA, as the entity refers to itself in its answer to the Amended Complaint. ECF No. 32. The Court also notes that HEMASAFA, Inc. is the business name listed in HEMASAFA's articles of incorporation. *See* Articles of Incorporation for HEMASAFA, Inc., https://perma.cc/3LG2-4UJX (last accessed March 28, 2024).

employees of HEMASAFA, not 7-Eleven. Under the franchise agreement, HEMASAFA hired and fired the employees, set their work schedules, and controlled their day-to-day activities. HEMASAFA subleased its store from 7-Eleven and agreed to be responsible for all maintenance, repairs, and janitorial services and expenses. 7-Eleven had no control over HEMASAFA or its employees.

**B.     Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict for the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Yet the "mere existence of a scintilla of evidence in support of the [opposing party's] position" cannot defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from those facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest on the mere allegations or denials of its pleading but must cite "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be

3

admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

**C.     Choice of Law**

In support of its Motion, 7-Eleven cites cases that arise from Maryland law and the law of other states. This Court has jurisdiction over this case because Mr. Mason has alleged a violation of 42 U.S.C. § 1981. In a federal question case that incorporates a state law issue (such as agency), a district court applies the choice-of-law rules of the state in which it sits unless a compelling federal interest directs otherwise. *Philpot v. Independent J. Review*, 92 F.4th 252, 264 (4th Cir. 2024). Maryland adheres to the lex loci delicti rule to determine the applicable law in tort actions. *Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because Ms. Mason's claims are based on alleged events that occurred in Maryland, Maryland law applies. The Court can discern no compelling federal interest that requires it to apply a different rule.

**D.     7-Eleven is Entitled to Summary Judgment**

There is no dispute that the store was a franchised location of 7-Eleven. At the time of the incidents in the Complaint, HEMASAFA was the franchisee operating the store. 7-Eleven did not control HEMASAFA, HEMASAFA was not an agent of 7-Eleven, and 7-Eleven did not employ any of the store employees involved in Mr. Mason's injuries.

Under Maryland law, an agency relationship is defined as "the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Green v. H&R Block, Inc.*, 735 A.2d 1039, 1047 (Md. 1999) (quoting Restatement (Second) of Agency § 1 (1958)).

"Maryland courts have frequently considered three characteristics in determining whether a principal-agent relationship exists: '(1) the agent's power to alter the legal relations of the principal; (2) the agent's duty to act primarily for the benefit of the principal; and (3) the principal's right to control the agent.'" *Muir v. Metro Auto Sales, Inc.*, No. SAG-21-01794, 2023 WL 4175360, at *2 (D. Md. June 26, 2023) (quoting *id.* at 1048). When a principal-agent relationship exists, an agent may be considered either an employee/servant of the principal, or an independent contractor. *Id.* In general, Maryland law protects principals from liability for the tortious acts of their independent contractors and the employees of their independent contractors. *Id.* (citing *Rowley v. Mayor & City Council of Balt.*, 505 A.2d 494, 496 (Md. 1986)).

In this case, the most relevant consideration for determining whether a principal-agent relationship exists between 7-Eleven and HEMASAFA is 7-Eleven's ability to control HEMASAFA and its employees. The Court finds that there was no such principal-agent relationship because 7-Eleven had no authority to control the actions of HEMASAFA or its employees. HEMASAFA's relationship to 7-Eleven was that of an independent contractor. As such, 7-Eleven cannot be held liable for any injuries that Mr. Mason incurred because of the conduct of HEMASAFA or its employees. *See Muir*, 2023 WL 4175360, at *2. For these reasons, 7-Eleven has shown that it is entitled to judgment as a matter of law on all of Mr. Mason's claims against it.

### III.  Conclusion

For the reasons set forth above, 7-Eleven's Motion (ECF No. 28) is **GRANTED**.

Alternatively, 7-Eleven's Motion is granted because Mr. Mason has conceded that his naming of 7-Eleven as the defendant was "in error," and that he meant to name HEMASAFA as

the "true defendant." ECF No. 30-1. Because Mr. Mason has admitted that Defendant 7-Eleven had no role in his claims, 7-Eleven is entitled to judgment as a matter of law.

Summary judgment is entered in favor of Defendant 7-Eleven as to all of Mr. Mason's claims against it.

A separate Order follows.

Date: March 29, 2024                                      /s/
                                                  Timothy J. Sullivan
                                                  Chief United States Magistrate Judge